**DAVENPORT et al. v. RAILROAD COMMISSION.**

No. 8385.

Court of Civil Appeals of Texas. Austin.

July 24, 1935.

Motion Dismissed Aug. 14, 1935.

Wynne & Wynne and W. A. Wade, all of Longview, for appellants.

Wm. McCraw, Atty. Gen., and W. J. Holt, Marvin Trevathan, Archie D. Gray, and Wm. C. Davis, Asst. Attys. Gen., for appellee.

BLAIR, Justice.

Under the provisions of section 9 ôf H. B. No. 581, c. 246, Acts 44th Leg. (1935) p. 631 (Vernon's Ann. Civ. St. art. 6066a, § 9), appellants made application for a "tender" to move 26,565 barrels of oil, which they had picked up in traps from the surface waters of certain creeks; the oil being abandoned, waste, and fugitive oil flowing on the surface waters of the creeks, and now held in pits adjacent to the streams, in Gregg county, Tex. The agent of the commission refused the application for tender, making the following notation on the copy of the application returned to appellants:

"This tender cancelled,

"6/14.35.

"Reason—Rejected."

Section 9 of H. B. No. 581 (Vernon's Ann. Civ. St. art. 6066a, § 9) provides as follows: "Whenever an application for a tender is rejected by an authorized agent of the Commission, it shall be the duty of such agent to return one copy of such application to the applicant endorsing thereon all the reasons for such rejection. Such applicant whose tender may be rejected shall have the right to appeal from any action of such agent by filing a petition in the District Court of Travis County, Texas, against the Commission, for a review of the ruling of such agent. The Court hearing such petition shall have the power to sustain, modify or overrule any action of such agent relative to a tender application and to issue such restraining orders or injunctions as the facts may warrant. It shall be the duty of the Clerk of the Court wherein such petition is filed to issue to the Commission a notice setting forth briefly the cause of action stated in such petition. But the Court shall not enter any order of any such petition until after a hearing thereon to be heard not

less than five (5) days from the issuance of such notice. Any person whose application for tender is not acted on within twenty (20) days from the date of its filing shall have the right of appeal in the same manner above provided for appealing from a rejection of a tender application. Any person dissatisfied with the decision of the District Court may appeal to the Court of Civil Appeals."

Appellants filed this proceeding on verified pleadings, seeking under the above-quoted provisions of the act to have the action of the agent of the commission overruled, because arbitrary, in that he failed and refused to indorse on the copy of the application "all the reasons for such rejection" of the tender, or to give any reason for such rejection, and praying for a mandatory injunction requiring the commission to issue the tender and for such other relief as the facts may warrant.

■■ On the trial in the court below, appellants placed the application and the above-quoted notation thereon in evidence. No other evidence was offered by either party, and the trial court concluded that such showing did not make a prima facie case, and refused to overrule the action of the agent of the commission. This was clearly error.

The provisions of the statute that, "whenever an application for a tender is rejected by an authorized agent of the Commission, it shall be the duty of such agent to return one copy of such application to the applicant endorsing thereon all the reasons for such rejection," are mandatory. The indorsement, "Reason—Rejected," is no reason at all, and such action of the agent is on its face arbitrary and without reason in law, and the trial court erred in not overruling such arbitrary action.

■ There is no merit to the contention of the commission that under the rules of evidence the copy of the application for tender was no evidence, absent a showing that the original could not be obtained. Under the terms of the above-quoted statute and subdivision (g) of section 1 of the same act (Vernon's Ann. Civ. St. art. 6066a, § 1(g), the copy of the application for a tender is the permit or certificate of clearance for the movement or transportation of the oil when issued. When rejected, the agent of the commission is required "to return one copy of such applica-

tion to the applicant endorsing thereon all the reasons for such rejection"; and such rejected application and the indorsements thereon furnish the foundation "for a review of the ruling of such agent" by the court. As such, it is an original instrument, evidencing the right of the applicant to either move or transport the oil or to have his right thereunder determined by a court of competent jurisdiction.

We overrule the rejection of the application for a tender by the agent of the commission, and order that a writ of injunction be issued restraining the commission from interfering with appellants in the movement or transportation of the oil under their copy of the application for tender in suit. We dislike, however, to issue an injunction against the commission, an arm of the government, and therefore direct the clerk of this court to deliver a copy of this opinion forthwith to the commission, and, if it shall show to this court by 9 o'clock a. m., Saturday, July 27, 1935, that it has approved the application for a tender, then the injunction will not issue; otherwise the clerk is directed to issue the injunction at that time.

Judgment reversed, and judgment here rendered for appellants.