**RAILROAD COMMISSION v. PATTON.**

No. 8408.

Court of Civil Appeals of Texas. Austin.

Dec. 11, 1935.

Wm. McCraw, Atty. Gen., Marvin Trevathan, of Austin, and T. F. Morrow, Asst. Atty. Gen., for appellant.

Wynne & Wynne and W. A. Wade, all of Longview, for appellee.

BLAIR, Justice.

Appellee filed this suit to review the rulings of the agents of the Railroad Commission refusing his applications for tenders to move 24,101 barrels of crude oil and 15,000 barrels of fuel oil. Appellee alleged and testified that he was the rightful and lawful owner of the crude oil, having picked it up in traps constructed and maintained by him on certain creeks, drains, and ditches in Gregg county, Tex.; that same was abandoned, waste, and fugitive oil which had "escaped from lawful operation of many wells, tanks, pits, etc.," in the Gladewater oil field and surrounding area; that this was the apparent source of the oil; that about 3,000 barrels of this crude oil was picked up at the request of an agent of the game, fish, and oyster commission, the same having been found running down the creeks and ditches above appellee's traps, and, unless picked up, would have flowed into the Sabine river, and thereby wasted. Appellee further alleged:

That, in compliance with the commission's order or rule that "in case oil is picked up or reclaimed by such plant (reclamation plant or waste oil plant) from any creek, river or stream, or bed thereof, such report shall also contain the information as to the apparent source of the oil before it went into such creek, etc.," he made all such reports, and alleged that the apparent source of the oil before it reached the creeks and drains was abandoned and waste oil which had escaped from lawful operations in the Gladewater field and area. That as the legal owner of the crude oil, appellee applied on May 28,

1935, for a tender to move 10,021 barrels of it, which application was rejected, and a copy returned to appellee, indorsed as follows:

"This tender cancelled 5/29/1935, Tender Dept. Reason Rejected Fugitive Oil.

"John Johnson."

That on July 5, 1935, appellee applied for a tender to move the remaining 14,080 barrels of fugitive crude oil, which application was rejected and a copy returned to appellee, indorsed as follows:

"This tender cancelled 7/5/1935. Reason Rejected Fugitive Oil—Source Unknown.

"Roy M. Roberts."

Appellee further alleged and testified that he was the owner of 15,000 barrels of crude oil products, commonly known as fuel oil; that it was stored at a certain refinery near Gladewater; that he had purchased same in good faith prior to December 5, 1934, and the same had been inventoried by the seller with the commission on December 10, 1934, in accordance with the commission's order of December 5, 1934; and that appellee was not the original refiner of the fuel oil, but the same was refined prior to November 1, 1934, and at a time when no tender was required to move such products; and that on June 24, 1935, he applied for a tender to move this fuel oil, which application was rejected by the agent of the commission and a copy returned to appellee, indorsed as follows:

"This tender cancelled 6/27/1935. Reason Rejected—Source unknown."

Appellee thereupon brought this suit under the provisions of section 9 of H. B. 581, Acts 44th Leg., 1935, c. 246 (Vernon's Ann.Civ.St. art. 6066a, § 9), seeking a review of the three aforementioned rulings of the agents of the commission, and prayed that same be overruled, and that the commission be restrained from interfering with the movement of such crude and fuel oils.

The commission alleged and attempted to prove that the 15,000 barrels of fuel oil were illegally produced, and that appellee was not the owner of the crude oil nor of the fuel oil, and had no such oils in storage.

The case was tried to the court without a jury. Appellee proved up his sworn tender applications and the commission's indorsements respecting them, and offered testimony as above stated with regard to his operation of the pick-up station and his ownership of the oil.

The trial court held that the tender applications to move the abandoned, waste, or fugitive oil were arbitrarily rejected and overruled the action of the agents of the commission rejecting them. The court also found that the fuel oil had been produced, manufactured, and purchased prior to the effective date of the tender statutes (Vernon's Ann.Civ.St. art. 6066a), and had been inventoried with the commission as required by such statutes, and therefore held that the action of the agent of the commission in refusing the tender to move this fuel oil was arbitrary.

■ In the recent case of Davenport v. Railroad Commission (Tex.Civ.App.) 85 S.W.(2d) 661, and in the case of Davenport et al. v. Railroad Commission, 89 S.W.(2d) 1006, this day decided by this court, it was held that fugitive oil is entitled to a tender where lawfully captured. Under the commission's rule above quoted, pick-up or fugitive oil is entitled to a tender where it has been inventoried showing its "apparent source" before going into the pick-up trap. This was done in the instant case. The fuel oil was refined and purchased prior to the effective date of the tender statutes, and inventoried with the commission. Appellee did not have to show its source to entitle him to a tender, and the action of the commission rejecting the application because "source unknown" was arbitrary. The proof was also sufficient to sustain the trial court's conclusion that the 15,000 barrels of fuel oil was stored where alleged and belonged to appellee; and the fact that others may have sued for and failed to recover same in other suits to which appellee was not a party is not material to any issue in the instant suit.

The judgment of the trial court will be affirmed.

Affirmed.