### RAILROAD COMMISSION OF TEXAS v. LACY.

No. 8564; Motion No. 8536.

Court of Civil Appeals of Texas. Austin.
Nov. 25, 1936.

Rehearing Denied Dec. 23, 1936.

Wm. McCraw, Atty. Gen., and W. J. Holt, Wm. C. Davis, and Joe Sharp, Asst. Attys. Gen., for appellant.

Eugene H. Murphy, of Longview, for appellee.

BAUGH, Justice.

This case arose as follows: W. D. Lacy, operating under the trade-name of the Lacy Reclamation Plant, claiming to be the owner of 13,975 barrels of waste or fugitive crude oil stored in open pits and steel tanks erected by him in the town of Kilgore in Gregg county, and to have been entrapped by him on said premises between August

15, 1935, and January 7, 1936, on the latter date applied to the Tender Board of the Railroad Commission on form SW–3 for a permit to move that amount of crude oil. Hearing was had on said application on January 24, 1936, and said permit refused by the Tender Board for reasons endorsed on said application. Thereupon Lacy filed suit in the district court of Travis county to set aside as unreasonable and arbitrary said action of the Commission; for mandatory writ requiring the Commission to issue to him an approved tender for said oil; and for an injunction to restrain the Commission and its agents from interfering with the sale, transportation, or marketing of said oil or of the products thereof. After a hearing upon the merits, the trial court granted the relief prayed for, from which judgment the Commission has appealed.

The reasons stated by the Tender Board for rejecting said application were:

1. That appellee did not have on hand in the designated tanks and pits either the quantity or the character of oil sought to be moved; that in the three steel tanks he had 3,355 barrels of crude oil; that in the three pits designated he had only 4,281 barrels of oil, which was fuel oil, not crude oil; and that as to this, form SW–3 was not the proper form for such tender.

2. That appellee had not filed with the Tender Board, covering the period of its captúre, the daily reports required by the rules of the Commission.

3. That the application for a tender failed to show the source or apparent source of such oil; and that Lacy had made no attempt to find the source or apparent source of such oil.

The record discloses that there was sufficient evidence before the Tender Board in its hearing of appellee's application to warrant its rejection thereof. As to the quantity and character of the oil in question on hand at the time, the Tender Board relied upon the testimony of the agents of the Commission whose duty it was under the law to measure the quantity and determine the character of the oil. After the rejection, however, appellee employed other engineers, whose qualifications were admitted on the trial, and whose testimony, not presented before the Tender Board, was sufficient to sustain the trial court's finding that appellee did have on hand in storage, at the designated time and places, the quantities and character of oil for which he sought a tender.

As to the second ground of rejection, it is not disputed that appellee had not filed with the Tender Board at the time of its hearing daily reports of his operations between August 15, and December 1, 1935, as the published rules of the Commission required. On this issue appellee contends, and the evidence clearly established, that notwithstanding these rules, the Tender Board and other enforcement agencies of the Commission in that field had not only not demanded nor required daily reports as a prerequisite to the issuance of tenders for reclaimed oil, but had told appellee that he need not make such reports and that monthly reports were all that were necessary. The evidence also showed that between August, 1935, and January, 1936, the Tender Board had issued to appellee four or five tenders for small quantities of captured oil out of these same pits without daily reports having been filed; and had issued ténders to other operators of reclamation plants in that area without such daily reports having been made. In view of this, appellee contends, and the trial court found, that to refuse him a tender under such circumstances, in view of the prior conduct of the Commission's agents, would amount to an arbitrary and unreasonable discrimination against him.

As to the third ground for rejection, the record discloses that appellee's application for a tender did not show the source or apparent source of such oil; and that Lacy testified before the Tender Board that he "was not interested" in the source or apparent source from which it came. On the trial hereof he testified that he had undertaken to ascertain its source, but was unable to do so.

One of the questions presented, which requires a reversal of the trial court's judgment, is whether the Railroad Commission in the trial court was confined, in its defense to this suit, solely to the grounds recited in its order rejecting the application of appellee for a tender. The trial court took the view that it was, sustained exceptions to the Commission's pleadings setting up other grounds than those endorsed on said application, as negativing appellee's right to a tender; and excluded testimony, when offered, to the effect that appellee had no permit, as required by the Commission's promulgated rules, to pick up the oil in question. In this the trial court was in error. The duty rested upon the applicant to show that his oil was legally acquired. If

it were not, he was not entitled to a tender for it. While it was the duty of the Tender Board under section 9, Acts 1935, 44th Leg., p. 624, c. 246 (Vernon's Ann.Civ.St. art. 6066a, § 9), to indorse on such application all of the reasons for its rejection, its failure to do so does not bar the Commission from showing, upon the trial, other grounds than those recited which would constitute the oil unlawful under the conservation laws. If in fact the oil were unlawful, the failure of the Tender Board to recite in its rejection order the proper grounds showing its illegality, or the recital of untenable grounds, could not invest the applicant with a right to move oil in fact illegal or acquired in violation of law. Railroad Commission v. Morgan (Tex.Civ.App.) 92 S.W. (2d) 1131. Under the statute the order of rejection is prima facie valid. As to the grounds recited, the burden was upon the applicant to show otherwise. As to grounds not recited, if such existed to defeat applicant's right to a tender, the burden was upon the Commission to show by competent evidence that the oil in question was unlawful. Railroad Commission v. Morgan, supra.

Another question raised by appellant complains of the admission in evidence upon the trial of daily reports of the quantities of oil picked up by Lacy between August 15, 1935, and January 7, 1936. These reports were not prepared by Lacy until a few days before the trial hereof, when one copy of same was filed with the Tender Board, long after it had lost jurisdiction of said application, and the other offered on the trial to show at that time a compliance with the Railroad Commission's order requiring such reports to be filed before granting a tender by the Tender Board is authorized. No such reports had been filed with the Tender Board when it acted on appellee's application. The Tender Board as then constituted did not require the filing of daily reports, and had so advised applicants. This, notwithstanding the fact that the rules of the Commission so provided. The Commission contends that such a rule had the effect of a statute; that no agent of the Commission had authority to waive a compliance with such rule; that the duty rested upon Lacy to comply with such rule whether the Tender Board required it or not; and that no estoppel can operate against the Commission by the failure of the Tender Board to discharge its duties.

As a general rule estoppel will not arise against the State as a result of a public officer's failure to discharge the duties imposed by law upon him. City of San Angelo v. Deutsch (Tex.Sup.) 91 S.W.(2d) 308. The members of the Tender Board cannot, we think, be classed as public officials; but are rather only employees and agents of the Commission, to carry out the conservation laws and rules of the Commission. They are without power to modify the Commission's rules, or to waive their provisions. It will be presumed, however, that having adopted and followed a course of conduct, which was reflected by their records, of not requiring daily reports over a period of several months, the Commission was cognizant of such course of conduct and permitted it to continue up until January, 1936. Though no estoppel as such would operate against the Commission because of the failure of the Tender Board to discharge its duty to enforce the rules of the Commission, such dereliction in doing so, apparently acquiesced in by the Commission who are presumed to have known the conduct of their agents reflected by the records kept, would, we think, be admissible to show the method and manner of administration by the Commission of their rules, on the issue of discrimination against appellee. Such enforcement in the instant case, after such rule had not been enforced during the period of time involved, would result in a clear discrimination and injustice to appellee, if he had in fact complied with the other rules of the Commission. The Commission cannot ignore or enforce its own rules at will. Having promulgated such a rule, it was its duty to see that it was enforced by its agents or to revoke it. And if it fails or neglects to enforce it for a period of time, and its agents advise dealers in oil that compliance with such rule is not required and such dealers are in good faith misled to their injury by reason thereof, the courts have the equity power to grant relief against injustice or discrimination resulting from such administration by the agencies of the Commission of its own rules. If, therefore, due to the conduct of the Tender Board, he had not filed daily reports, and upon the trial showed by competent evidence the same facts which such daily reports, had they been filed, would have shown, we think he should be permitted to do so. It was his duty, however, if he was in possession of such information at the time of the hearing before the Tender Board, to have presented such facts to the Tender Board, if that Board so demanded, whether he had filed his daily reports or

not. If in fact the Tender Board did demand such information and he failed or refused to furnish it, though in his possession, he is in no position to complain.

 Nor was the appellee limited in the trial court exclusively to the evidence offered by him in the hearing before the Tender Board any more so than was the Railroad Commission so limited. It was incumbent upon him, of course, to make a prima facie showing before the Tender Board of a right to move his oil; that is, that he had acquired the oil in conformity with the conservation laws and rules of the Commission and that same was not unlawful oil. If Lacy were in possession of facts showing that his oil was not illegal and failed or declined to bring such facts before the Tender Board, and to show that he had in fact complied with the conservation laws and rules of the Commission, he cannot thereafter overturn their order because of facts which he withheld from them.

While other contentions are made, because they have, in the main, already been disposed of in the numerous cases brought before this court in appeals from the various orders of the Commission, we deem it unnecessary to discuss them here.

For the reasons stated, the injunction granted by the trial court is dissolved, and the cause reversed and remanded for another trial.

Injunction dissolved. Cause reversed and remanded.

On Appellant's Motion for a Rehearing.

In its motion for a rehearing appellant complains, among other things, of two inaccurate statements in our original opinion. The first is that wherein we stated that the Tender Board had issued to appellee four or five tenders for small quantities of "captured oil out of these same pits without daily reports having been filed." As to the character of oil we were in error. Instead of being captured oil, such was tank bottom oil. It was, however, treated and reclaimed through this same reclamation plant, and tenders issued for it without the filing of daily reports. While we make this correction in the interest of accuracy, the discrepancy does not affect the issues involved nor our holdings thereon, and was, we think, immaterial.

The other recital in our original opinion complained of is our statement the "Tender Board as then constituted did not require the filing of daily reports and had so ad-

vised applicant." The advice given to applicant, appellee here, was not shown to have been given to him by the Tender Board, but by Harry A. Miles, the then chief enforcement officer of the Railroad Commission in that field. Since, however, it was shown that the then Tender Board did issue tenders for such oil without requiring the filing of daily reports, the result is the same and the discrepancy is manifestly immaterial. With the above corrections in the interest of accuracy, the appellant's motion for rehearing is overruled.

Overruled.