## RAILROAD COMMISSION v. GLADEWATER REFINING CO. PIPE LINE.

### No. 9432.

Court of Civil Appeals of Texas. Austin.

March 1, 1944.

Grover Sellers, Atty. Gen., E. R. Simmons, Asst. Atty. Gen., W. P. Watts, Asst. Atty. Gen., and James D. Smullen, Asst. Atty. Gen., for appellant.

H. P. Smead, of Longview, and Hart & Brown, of Austin, for appellee.

BLAIR, Justice.

Appellee, Gladewater Refining Company Pipe Line, instituted this proceeding against appellant, Railroad Commission, as a statutory appeal under Sec. 9 of Art. 6066a, Vernon's Annotated Civil Statutes, from an order of the Commission rejecting its application for a tender to move 2,197 barrels of crude oil. Said Sec. 9 of Art. 6066a provides, in part, that "whenever an application for a tender is rejected by an authorized agent of the Commission, it shall be the duty of such agent to return one copy of

such application to the applicant endorsing thereon all the reasons for such rejection."

Appellee alleged that the Commission, through its agent, East Texas Tender Committee, after a hearing, rejected its application for a tender to move the oil and returned the application without endorsing thereon any reason for rejecting it; that the oil sought to be moved was lawful oil; and that the action of refusing the tender and in failing and refusing to endorse the reason thereon for rejecting the application was unlawful, unreasonable and arbitrary. The Commission filed a general denial.

On the trial to the court. without a jury appellee offered in evidence a photostatic copy of the application returned to it, which had endorsed thereon only the words, "rejected by," and the signatures of the three members of the Committee. Appellee then rested, taking the position that since the Committee failed to endorse its reasons for rejecting the application on the copy returned to appellee, it had made out its case; and that the burden then shifted to the Commission to show that the oil covered by the application was unlawful oil and not entitled to be moved. The trial court sustained this view; whereupon the Commission undertook to show that the oil was unlawful oil. The court held the evidence was insufficient to show the oil to be unlawful oil, and accordingly rendered judgment overruling or setting aside the order rejecting the application for the tender, enjoining the Commission from interfering with the sale and transportation of the oil, and directing the Commission to issue to appellee a tender to move the oil covered by the application; the court basing its right to render such judgment upon that part of Sec. 9 of Art. 6066a, which provides that the "court hearing such [a] petition shall have the right to sustain, modify or overrule any action of such agent relative to a tender application and to issue such restraining orders or injunctions as the facts may warrant."

■ This court has held in several cases that the provisions of the statute requiring the agent of the Commission refusing an application for a tender to endorse on the copy returned to the applicant the reasons therefor, to be mandatory, and not merely directory. In the case of Davenport v. Railroad Commission, 85 S.W.2d 661, 662, we held as follows: "The provisions of the statute that, 'whenever an application for a tender is rejected by an authorized agent of

the Commission, it shall be the duty of such agent to return one copy of such application to the applicant endorsing thereon all the reasons for such rejection,' are mandatory. The endorsement, 'Reason—Rejected,' is no reason at all, and such action of the agent is on its face arbitrary and without reason in law, and the trial court erred in not overruling such arbitrary action."

In the case of Railroad Commission v. Morgan, 92 S.W.2d 1131, 1132, after holding the provision to endorse on the rejected application the reasons therefor to be mandatory, we held as follows: "The effect of the statute, where the applicant makes proper showing before the tender board and it fails to give any reason for its refusal of a permit, is to cast upon the commission or the state the burden of showing that the oil involved is 'unlawful oil.' "

In Railroad Commission v. Lacy, 100 S.W.2d 118, 121, we held as follows: "As to grounds not recited, if such existed to defeat applicant's right to a tender, the burden was upon the Commission to show by competent evidence that the oil in question was unlawful. Railroad Commission v. Morgan, supra." See also Davenport v. Railroad Commission, Tex.Civ.App., 91 S.W.2d 399.

■ The Commission contends, however, that it offered proof to the effect that one member of the Tender Committee orally told representatives of appellee at the hearing that the application was being rejected because of some inaccuracy, without stating what it was, existing in the monthly report required to be filed by appellee for the month of May, 1943; and that by letter dated six days after the date of the order rejecting the application, July 2, 1943, it stated the reasons in writing for such rejection, which were to the effect that after investigation the members of the Committee were of the belief that a greater amount of oil was received by appellee from a certain lease than was shown in its report for May, 1943, and in consequence appellee knew before it filed its suit of the reasons for the rejection of its application for the tender. Upon these facts appellant contends that it had substantially complied with the statutory requirement that the reasons for rejection of the application be endorsed on the copy of the application returned to the applicant. To sustain this contention would simply mean that the Commission could substitute a method of stating the reasons for rejection of an application for a tender different from that provided for by the statute and

diametrically opposed to the statutory method. Our holding that the statutory method for stating reasons for rejecting an application is mandatory and the reasons therefor are fully stated in the cases hereinabove cited.

The foregoing contention seems to have been made as the predicate for the further contention that since appellant had so informed appellee of the reasons for rejecting its application for the tender, the burden did not shift to it to prove that the oil sought to be moved was illegal oil. Our above conclusion that the statutory method of stating the reasons for rejection of the application is exclusive overrules this contention.

■ Appellant contends that since appellee pleaded specifically that the oil sought to be moved was legal oil, the burden was upon it to prove such allegations. Cited in support of this claim are the cases which hold that a general denial casts the burden upon a plaintiff to prove his allegations; and the burden is upon one who alleges a fact to prove it. These general rules have no application here. This is a special statutory proceeding from an order rejecting an application to move oil in commerce. It is based upon a specific statutory right requiring that the reasons for rejecting an application for a tender to move the oil be endorsed on the rejected application; and upon the construction of the statute giving the right as providing that when its provisions are not complied with, the burden then shifts to the Commission to show the oil sought to be moved was unlawful oil.

■ The point is made that the trial court erred in holding that the evidence showed the Commission acted arbitrarily and unreasonably and in excess of its statutory authority in rejecting the tender application. The only fact issue in the case was whether the oil sought to be moved under the rejected tender was unlawful oil. The trial court determined the issue against appellant upon sufficient evidence. Suffice it to say that the specific attack made upon the May report in the letter stating reasons for rejecting the tender, and apparently by the oral statement of one member of the Committee at the hearing, was that a greater amount of oil was received by appellee from the Fred Bowen-Smith lease than was indicated in the May report. No evidence was offered to sustain this ground for refusing the report. An addi-tional ground claimed by the appellant on the trial was that an inconsistency was shown to exist between the original report for May and a corrected report of the May report filed by appellee in August, 1943, which was after the order rejecting the tender on July 2, 1943. This corrected report shows two changes in the May report, which changes offset each other. The first change showed that appellee received 2,214 barrels of oil from Starnes, Trustee—Smith B. lease, instead of 1,742 barrels as shown in the May report, thus making an increase of 472 barrels of oil. The other change corrected the May report to show that 9,549 barrels were delivered to appellee instead of 9,077 barrels under the tender. Thus the corrected report showed an increased receipt of 472 barrels and increased deliveries of 472 barrels, leaving a tenderable balance of 2,197 barrels. No proof was made that the increased amount of 472 barrels was in excess of amount allowed under the delivery tender for the Starnes-Smith lease, but the contrary was shown to be true. This error had nothing to do with the amount of tenderable oil on hand in May. The June, 1943, report, which is not attacked, showed the amount of tenderable oil to be 2,197, the amount applied for in the application for the tender here involved, which was dated July 1, 1943. This immaterial mistake in the May report does not justify the Commission in refusing the tender, and the trial court's holding that the evidence was insufficient to show that the oil sought to be moved on the tender was unlawful is sustained.

■ The portion of the trial court's judgment which issued a mandatory injunction requiring the Commission to issue appellee a tender to move the oil in question is erroneous. Art. 1735, Vernon's Annotated Civil Statutes, provides that the Supreme Court only shall have power to issue mandatory injunctions, writs or process against officers of the executive department of the government to compel the performance of their executive duties. The portion of Sec. 9 of Art. 6066a under which the trial court acted merely provides for the issuance of prohibitory or restraining injunctions, such as was issued by the trial court in restraining the Commission from interfering with the movement of the oil in question under the court's judgment herein declaring it to be lawful oil and entitled to be moved under the rejected application. Under this holding the portion of the judgment awarding

the mandatory injunction to compel the Commission to issue the tender is set aside, but otherwise the judgment is not disturbed; and as so reformed the judgment of the trial court is affirmed.

Reformed and affirmed.