In the Matter of the Application of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property on Upper New York Bay in the Borough of Richmond.

CHARLES W. BERRY, as Comptroller of the City of New York, Appellant; STATEN ISLAND RAILWAY COMPANY, Respondent.

New York city — condemnation proceedings — interest — notice — notice demanding payment of award within six months after modification of award by Appellate Division sufficient to continue running of interest.

A written notice demanding payment of an award in condemnation proceedings, as modified by the Appellate Division, served upon the Comptroller of the city of New York within six months after such modification, is served within six months " after the date of the filing of the final decree " within the meaning of section 981 of the charter

of the city of New York (L. 1915, ch. 606), and interest continues to run. (*Matter of City of New York*, 209 App. Div. 662; affd., 239 N. Y. 524, followed.)

*Matter of City of New York (Upper New York Bay)*, 223 App. Div. 731, affirmed.

(Argued March 26, 1928; decided May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 15, 1928, which reversed an order of Special Term denying a motion for an order directing the Comptroller of the city of New York to pay interest upon an award in condemnation proceedings and directed payment of interest upon an award made to the Staten Island Railway Company.

*George P. Nicholson, Corporation Counsel (Henry W. Mayo* of counsel), for appellants. The respondent Staten Island Railway Company is not entitled to any interest on the award in question for the period between September 24, 1925, and March 5, 1927, as no demand in writing was filed by the said respondent with the Comptroller of the city of New York as required by section 981 of the charter of the city of New York until March 5, 1927. (*Matter of City of New York [Gouverneur Slip Pier]*, 210 N. Y. 451; *Matter of City of New York [Opening of Westchester Ave.]*, 217 App. Div. 381.) The fact that the Appellate Division reduced the awards in the final decree of the Special Term to a comparatively slight extent upon appeal by the city of New York from said final decree but without its consent and upon the express written consent of the respondent Staten Island Railway Company and the other moving parties does not entitle said parties to interest for the period during which no demand had been filed. (*Matter of City of New York [East River Park]*, 209 App. Div. 662; 239 N. Y. 524; *Matter of Cooper*, 93 N. Y. 507; *Matter of New York, etc., Ry. Co.*

v. *Weber,* 226 N. Y. 70.)   The fact that the city of New York appealed to the Appellate Division and Court of Appeals from the final decree in the condemnation proceeding and that during the pendency of such appeals the Staten Island Railway Company was stayed from enforcing payment of the award, did not excuse said railway company from filing a proper written demand with the Comptroller of the city of New York between March 24, 1925, when the final decree was entered, and September 24, 1925 (which is the date six months after the entry of said final decree), as required by section 981 of the charter.   (*Edelmuth* v. *Prendergast,* 142 App. Div. 785; *Matter of City of New York* [*White Plains Road*], 187 App. Div. 355.)

*Royal E. T. Riggs* and *A. S. Gilbert* for respondent. The demand filed in this case was timely.   `(Matter of City of New York [East River Park]`, 209 App. Div. 662; 239 N. Y. 524; *Matter of City of New York* [*Gouverneur Slip*], 210 N. Y. 451; *Fredericks* v. *City of New York,* 44 App. Div. 274; *Carpenter* v. *City of New York,* 44 App. Div. 230; *Matter of City of New York* [*Church Ave.*], 91 App. Div. 553; *Van Arsdale* v. *King,* 155 N. Y. 325; *Russia Cement Co.* v. *LePage,* 174 Mass. 349; *Matter of Westerfield,* 61 App. Div. 413; *Blanding* v. *Sayles,* 49 Atl. Rep. 992; *Pittsburgh, F. & W. Railway Co.* v. *Gillespie,* 63 Me. 845.)   The appeal of the city to the Appellate Division stayed the owner from any proceedings for the collection of his award, including the making of any demand for payment.   (*Matter of City of New York* [*White Plains Road*], 187 App. Div. 355; *Woodward Brown Realty Co.* v. *City of New York,* 203 App. Div. 625.)

*Per Curiam.*   The Greater New York Charter, in section 981 thereof, provides that interest upon all sums awarded in condemnation proceedings shall cease to run " six months after the date of the filing of the final decree "

unless " within that time demand therefor, in writing, be served upon the comptroller." The decree made at Special Term, providing for an award to claimant for lands taken, was modified by the Appellate Division, which made a decree providing for an award in a lesser amount. Within six months thereafter the claimant served a written notice upon the Comptroller demanding payment of the amount awarded by the modified decree, with interest. In our judgment, the notice was served upon the Comptroller within six months " after the date of the filing of the final decree," and, therefore, interest upon the award has not ceased to run. This was the holding in *Matter of City of New York* (209 App. Div. 662; affd., 239 N. Y. 524).

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and KEL-LOGG, JJ., concur; ANDREWS and O'BRIEN, JJ., not sitting.

Order affirmed.