In the Matter of the CITY OF NEW YORK Relative to Acquiring Title to Real Property Required for the Widening of Chrystie Street, in the Borough of Manhattan.

W. ARTHUR CUNNINGHAM, as Comptroller of the City of New York, et al., Appellants; FANNIE A. KALLIS, et al., Respondents.

(Argued April 16, 1934; decided May 22, 1934.)

*Paul Windels, Corporation Counsel (Joseph F. Mul-queen, Jr., Paxton Blair* and *Joseph J. Dunn* of counsel), for appellants. The interest which is now claimed forms no part of the just compensation to which respondents were entitled for the taking of their property in condemnation. (*Hamersley* v. *Mayor,* 56 N. Y. 533; *Matter of City of New York* [*Union Ferry Co.*], 245 N. Y. 545; *Matter of City of New York* [*Surf Ave.*], 262 N. Y. 652; *Matter of City of New York* [*W. 151st St.*], 222 N. Y. 370; *Matter of City of New York* [*Gouverneur Slip Pier*], 159 App. Div. 433; 210 N. Y. 451; *Matter of Minzesheimer* v. *Prendergast,* 144 App. Div. 576; 204 N. Y. 272; *Matter of Mott Haven Canal Docks,* 196 N. Y. 175; *Matter of City of New York* [*Westchester Ave.*], 217 App. Div. 381.) The city's appeal from the final decree did not relieve respondents of their duty, nor extend their time to serve the demand without which interest would cease to run upon the expiration of six months from the filing of the final decree. (*Matter of City of New York* [*Union Ferry Co.*], 245 N. Y. 545; *Matter of Edelmuth* v. *Prendergast,* 144 App. Div. 895; 202 N. Y. 602; *Matter of City of New York* [*White*

*Plains Road*], 187 App. Div. 355; *Matter of City of New York* [*Surf Ave.*], 262 N. Y. 652; *Smith* v. *Board of Education*, 208 N. Y. 84; *McGovern* v. *City of New York*, 236 N. Y. 508; *Matter of City of New York* [*Elm St.*], 239 N. Y. 220.)

*Louis Salant* for Fannie A. Kallis et al., respondents. The city's appeals from the award stayed the owners from serving a demand until after those appeals were decided. (Civ. Prac. Act, § 571; Cons. Laws, ch. 22, § 37; *Ackert* v. *City of New York*, 156 App. Div. 836; *Woodward-Brown Realty Co.* v. *City of New York*, 203 App. Div. 625; *Matter of City of New York* [*Upper New York Bay*], 223 App. Div. 731; 248 N. Y. 64.)

*Jay Leo Rothschild* and *Louis Rivkin* for 19 and 146 Rivington Street Corporation, *amicus curiæ*. Interest continues to run, pending appeals by the city from an order confirming condemnation awards, notwithstanding the omission of the claimant, in the meantime, to file the demand contemplated by section 981 of the charter of the city of New York. (*People ex rel. Onondaga County Sav. Bank* v. *Butler*, 147 N. Y. 164; *Matter of Meyer*, 209 N. Y. 386; *Matter of City of New York* [*Mount Vernon Ave.*], 199 N. Y. 559; *American Historical Society* v. *Glenn*, 248 N. Y. 445; *Matter of City of New York* [*Upper New York Bay*], 248 N. Y. 64; *Matter of City of New York* [*East River Park*], 209 App. Div. 662; 239 N. Y. 524.)

O'BRIEN, J. Respondents Kallis and Gerstle were vested with the fee of real property which was acquired by the city of New York in a proceeding for the widening of Chrystie street. On January 12, 1931, the final decree making an award in that proceeding was filed at Special Term. That award constitutes compensation for the taking of property and includes interest from the date of vesting of title in the city to the date of the final decree.

It was affirmed by the Appellate Division July 6, 1932, and later by this court. The order and judgment of this court on remittitur were, by order of the Special Term dated October 25, 1932, made the order and judgment of the Supreme Court. No demand for payment of this award nor interest thereon was made upon the Comptroller prior to December 22 and December 27, 1932, but the Appellate Division has granted respondents' motion to the extent of awarding interest from July 12, 1931, the date six months after the entry of the final decree at Special Term, to December 27, 1932, the last date of demand.

Section 981 of the Greater New York Charter provides: " Interest shall cease to run on the sums awarded as damages six months after the date of the filing of the final decree * * * unless within that time demand therefor, in writing, be served upon the comptroller." (Laws of 1915, ch. 606.) The interest for which this section provides is no part of the compensation for the taking of property. It is a penalty for delay in making payment of that compensation.

The final decree, like any final order in a special proceeding, is the mandate which determines the rights of the parties. When that decree or order is left undisturbed on appeal, it remains the same as when entered at Special Term. In the case of an affirmance, therefore, the order as entered on remittitur does not affect the status of that final decree. Twice, at least, has this court so decided on facts which the records on appeal show to be so nearly identical with those now before us as to admit of no substantial distinction. Our first decision was rendered in *Matter of City of New York (Union Ferry Co.)* (245 N. Y. 545). In another case (*Matter of City of New York* [*Surf Ave.*], 262 N. Y. 652) the facts were enlarged by reason of the giving of a general release, but the majority of this court was of the opinion that the final decree, within the meaning of section 981 of the Greater New York Charter, was the decree as originally entered at

Special Term and affirmed. The recipient of an award can always guard his right to interest by promptly serving his demand within six months of the entry of the final decree at Special Term. Nothing in section 571 of the Civil Practice Act nor in section 995 of the Greater New York Charter (Laws of 1915, ch. 606; amd. Laws of 1917, ch. 259) prevents him. Execution of the decree pending appeal is stayed by those provisions but, while the municipality is protected during such time from coercive payment, the owner of the award is not prohibited from securing his claim to interest.

We have always recognized a distinction, in this class of cases, between an affirmance and a modification. Illustration is found in *Matter of City of New York* (*East River Park*) (239 N. Y. 524) and *Matter of City of New York* (*Upper New York Bay*) (248 N. Y. 64). The decree as modified becomes the final decree and the six months within which the demand must be served begins to run from the date of modification rather than from the date of original entry of the decree at Special Term. In the case at bar the final decree entered at Special Term January 12, 1931, remained unaffected by the appeal. It never was changed but continued to constitute the final decree. Since no demand was served within six months of the date of its filing at Special Term, the running of interest ceased on the expiration of that time.

The order of the Appellate Division in so far as appealed from should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.