**THOMPSON et al. v. EAST TEXAS REFINING CO.**

No. 8542.

Court of Civil Appeals of Texas. Austin.

Sept. 30, 1936.

Wm. McCraw, Atty. Gen., and Wm. C. Davis, Asst. Atty. Gen., for appellants.

Irving L. Goldberg, Dillard Estes, and Martin B. Winfrey, all of Dallas, and Henry H. Brooks, of Austin, for appellee.

BAUGH, Justice.

This case arose as follows: Appellee, claiming to own 55,000 barrels of crude oil purchased by it in Louisiana and run by pipe line into Texas, intended for delivery at its refinery at Longview, in Gregg county, Tex., made two separate applications to the Railroad Commission for tender permits, one on May 21, 1936, for 30,-000 barrels, and one on May 23, 1936, for 25,000 barrels of crude oil. The commission took no action on these applications within 20 days from the filing thereof, nor subsequently, so far as the record discloses. As authorized by Acts 1935, 44th Legislature, p. 624, c. 246 (Vernon's Ann.Civ.St. art. 6066a, § 9), the appellee, after the expiration of such 20 days, brought this suit against the commission, alleging a compliance with its rules and regulations, to

compel the issuance of tenders for said oil, and to enjoin the commission from interfering with removal, transportation, or sale of said oil or of its products. After a hearing, the relief prayed for was granted, hence this appeal.

In addition to a general demurrer and general denial, the commission in answer pleaded a judgment of the United States District Court for the Eastern District of Texas, in a suit brought by the United States against appellee and others, in which judgment the federal District Court found that said oil was produced in violation of the conservation laws of Louisiana, and enjoined its movement in interstate commerce. This judgment and the court's findings of fact, appellants contend, rendered such oil contraband, in which appellee could have no property right, and consequently could not be entitled to the injunction prayed for nor the relief granted in the state court. The trial court sustained an exception to this portion of the answer, and, when appellants offered said federal court judgment in evidence, it was excluded by the trial court.

We do not understand the commission to contend that appellee has violated any of the conservation laws of the state of Texas, or any of its rules and regulations in force at the time appellee applied for the tenders. The only justification for its failure to act offered by the commission was that the judgment of the federal court was an adjudication that said oil was illegal oil. No facts, other than the findings of the federal District Court set forth in its judgment, were pleaded by the commission nor tendered in evidence to show that said oil had been produced in Louisiana in violation of its conservation laws. On the contrary, appellee introduced in evidence a certificate from the Commissioner of Conservation of Louisiana, stating that said oil had been legally produced in that state. It is not controverted that appellee purchased said oil in good faith, relying upon such certificate. Nor did appellant plead nor offer in evidence any facts as to the manner or method of production of said oil upon which the federal District Court based its finding that such oil was illegally produced in Louisiana. Under these circumstances, the only excuse on which the failure of the commission to act can be predicated is its reliance upon the judgment of the federal District Court.

We have heretofore held that the failure or refusal of the commission to act upon such application, within the 20-day period prescribed by the statute, constitutes unreasonable and arbitrary action on its part. Davenport v. Railroad Commission (Tex.Civ.App.) 85 S.W.(2d) 661; Davenport v. Railroad Commission (Tex.Civ.App.) 91 S.W.(2d) 399. This failure or refusal, however, does not in and of itself give an applicant a right to a tender for unlawful oil, but does place the burden upon the commission to justify its conduct by showing that such oil is illegal oil or is not entitled to a tender. Railroad Commission v. Morgan (Tex.Civ.App.) 92 S.W.(2d) 1131. The only proof tendered in the instant case, however, was a certified copy of the decree of the federal District Court of date June 12, 1936. Said decree, and the findings of fact contained therein, show that the defendants therein, one of whom was appellee in this suit, excepted to both the findings and the judgment; and the trial court's qualification of the bill of exceptions to the exclusion of such judgment as evidence in this case recites that it was made known to the court that an appeal would be taken from the federal court judgment, and that the time during which such appeal might be prosecuted had not expired when the instant case was tried and judgment herein rendered.

We think the trial court properly excluded such evidence, and without said judgment appellants made no showing justifying their failure or refusal to act upon appellee's applications for tenders. Appellee, on the other hand, made a prima facie showing of a right to tenders.

It is settled law that a final judgment may be admitted in evidence and is binding as between the parties to it and conclusive on the matter adjudicated. And if it be a judgment in rem it is of course binding as against any one. But the rule was laid down by Judge Stayton in Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S.W. 1030, that pendency of an appeal or writ of error from a judgment deprives it of that finality of character which would otherwise make it admissible in evidence. Pendency of a motion for a new trial has been held to make such a judgment inadmissible in evidence. Houston Oil Co. v. McCarthy (Tex.Com.App.) 245 S.W. 651, 653. And in Rabinowitz v. Darnall (Tex. Com.App.) 13 S.W.(2d) 73, a case where

defendants were cited by publication, it was held that such judgment did not become final until the expiration of the 2 years allowed by statute for a new trial had expired. See, also, Fidelity Union Cas. Co. v. Hanson (Tex.Com.App.) 44 S.W.(2d) 985.

 It is now settled that a final judgment of a federal court, when offered in evidence, is entitled to full faith and credit in the state courts. 26 Tex.Jur. p. 432, § 581. But, when so offered, the issue as to its finality should, we think, be determined by the same rules applied to the federal courts, as are applied to the judgments of state courts in determining that issue. And, under the decisions above cited, and the status of the judgment of the federal District Court here called in question, we conclude that said judgment lacked that degree of finality essential to authorize its admission in evidence in the instant case. That being true, the judgment of the trial court, for the reasons above stated, is affirmed.