In the Matter of the Application of FRANK BAILEY et al., Respondents, for an Order, Pursuant to Section 61-a of the General Corporation Law, Assessing upon BUSH TERMINAL COMPANY, Appellant, the Reasonable Expenses, Including Attorneys' Fees Incurred by Petitioners in Connection with an Action in the Supreme Court of the State of New York, New York County, Entitled: "C. WALTER RANDALL, as Trustee, Plaintiff, *v.* FRANK BAILEY et al., Defendants," and awarding such expenses as special costs recoverable as statutory costs.*

In the Matter of the Application of TITLE GUARANTEE AND TRUST COMPANY, as Ancillary Executor of EDWARD T. BEDFORD, Deceased, Respondent, for an Order, Pursuant to Section 61-a of the General Corporation Law, Assessing upon BUSH TERMINAL COMPANY, Appellant, the Reasonable Expenses, Including Attorneys' Fees Incurred by Petitioner in Connection with an Action in the Supreme Court of the State of New York, New York County, Entitled: "C. WALTER RANDALL, as Trustee, Plaintiff, *v.* FRANK BAILEY et al., Defendants," and awarding such expenses as special costs recoverable as statutory costs.

First Department, April 9, 1943.

---

* Revg. 178 Misc. 1045.

*Arthur Garfield Hays* of counsel (*John Schulman* and *Morris Shilensky* with him on the brief; *Hays, St. John, Abramson & Schulman,* attorneys), for appellant.

*Spencer Pinkham* (*Henry F. Holthusen* with him on the brief; *Holthusen & Pinkham,* attorneys), for respondents Frank Bailey et al.

*David Paine* of counsel (*George Koegler* and *Francis D. Kalosky* with him on the brief; *Kellogg, Emery & Inness-Brown,* attorneys), for respondent Title Guarantee and Trust Company.

TOWNLEY, J. Petitioners, former directors of the Bush Terminal Company, brought these special proceedings under sec-

tion 61-a of the General Corporation Law to recover expenses and counsel fees. They had successfully defended an action brought against them by a trustee on behalf of the corporation in which it was charged that they had wrongfully declared dividends out of capital.

Judgment dismissing the complaint on the merits was entered after a trial on November 19, 1940. Plaintiff appealed to this court and while that appeal was pending and on April 14, 1941, section 61-a of the General Corporation Law became effective. The judgment was subsequently affirmed by this court and the Court of Appeals. (*Randall* v. *Bailey*, 262 App. Div. 844; 288 N. Y. 280.) On June 26, 1942, after the affirmance by the Court of Appeals, the present proceedings were commenced.

Section 61-a of the General Corporation Law reads in part as follows: " Assessment of expenses. In any action, suit or proceeding against one or more officers or directors, or former officers or directors, of a corporation, domestic or foreign, brought * * * in its behalf by a * * * trustee * * * whether brought under the provisions of this article or otherwise, the reasonable expenses, including attorneys fees of any * * * party defendant incurred in connection with the successful * * * defense of such action * * * shall be assessed upon the corporation * * * and the amount of all such expenses so assessed shall be awarded as special costs of the action, suit or proceeding and recoverable in the same manner as statutory taxable costs." Section 2 of chapter 350 of the Laws of 1941, whereby section 61-a was added to the General Corporation Law, reads as follows: " § 2. This act shall take effect immediately and shall apply to all such actions, suits or proceedings as may be pending and in which no final judgment has been made and entered at the time this act takes effect."

The Bush Terminal Company was not a party to the original suit and costs were never assessed against the company as such under either of the three judgments entered.

After these petitions were filed, the corporation moved to dismiss the special proceedings. Special Term by the orders appealed from denied these motions and directed the corporation to answer the petitions.

At the outset it may be well to consider the procedural question raised. It is claimed that in the absence of provisions specifically authorizing the assessment of these costs by special proceeding, none can be maintained. The only provision

on this subject found in section 61-a states that "reasonable expenses" must be assessed against the corporation in such amount as the court shall find reasonable and the amount shall be awarded as special costs of the action. In derivative stockholder's actions where the corporation is a party, these costs can be determined by a motion in the action. But where, as here, the corporation is not a party, relief can only be granted by special proceeding. We think it could not have been the purpose of the Legislature to create a right without a remedy. In *Marvin* v. *Marvin* (78 N. Y. 541) the Court of Appeals considered an application to enforce a liability imposed by a statute declaring an assignee of a cause of action, or one beneficially interested in the recovery, liable for the costs of the action brought by him in the name of another. The court held that such assignee, not being a party to the action, a special proceeding was the proper remedy.

The more serious question is whether the petitioners acquired any rights under the statute in view of the fact that the original judgment was entered prior to the effective date of the statute and its retroactive provisions are limited to pending actions " in which no final judgment has been made and entered." The determination of this question depends upon the construction to be given to the words "final judgment."

The expression "final judgment" has a well-defined meaning in the Civil Practice Act. It designates that judgment of the court of original jurisdiction by which the rights of the parties are adjudicated and determined. The finality of the judgment so entered is not affected by the pendency of an appeal. Section 472 of the Civil Practice Act defines a judgment as " the determination of the rights of the parties in an action, and may be either interlocutory or final." There are numerous other sections of the Civil Practice Act which imply the same interpretation of the words "final judgment." In this State in the absence of a stay a judgment entered in the Supreme Court has complete finality. Execution may be entered thereon even though an appeal is pending. The judgment may be satisfied while the appeal is pending. Though there may be a reversal and another final judgment, nevertheless, the first judgment was a final judgment in the action.

While section 61-a is found in the General Corporation Law, it is by its terms made a part of the costs statutes of the State and in determining the meaning of terms used therein, it must be assumed that they are used in the same sense as in the Civil Practice Act which makes general provisions for the same sub-

ject. (*Bell* v. *Terry & Tench Co.*, 177 App. Div. 123, 124; *Betz* v. *Horr*, 276 N. Y. 83, 88.)

It is true that for purposes of appeal bonds and bonds given to cover damages for the possible ill effects of injunctions, the words " final judgment " have sometimes been construed as referring to the judgment of a court of last resort. Such decisions, however, rest upon an interpretation of contractual intention and must be taken in connection with the facts on which they were based and on the type of claim litigated.

The affirmance of a judgment by this court or by the Court of Appeals simply confirms the judgment as entered and such action in no way changes its essential character as a final determination of the rights of the parties. The Court of Appeals in *Matter of City of New York* [*Chrystie St.*] (264 N. Y. 319) expressed the same idea as follows: " The final decree, like any final order in a special proceeding, is the mandate which determines the rights of the parties. When that decree or order is left undisturbed on appeal, it remains the same as when entered at Special Term. In the case of an affirmance, therefore, the order as entered on remittitur does not affect the status of that final decree."

That lawyers or laymen might use the words "final judgment " in a sense indicating a judgment finally determining an action after all appeals were exhausted is not significant. We are construing not the casual conversation of individuals, but a formal legislative enactment in which terms having an exact legal significance must be assumed to have been used as terms of art in the sense given them in similar statutes.

Two conditions are prescribed by the statute before it can be be given retroactive effect. There must be an action pending and there must be " no final judgment." The pendency of action in its broadest sense is not enough. Effect must also be given to the requirement that no final judgment shall have been entered. As was said in *Palmer* v. *Van Santvoord* (153 N. Y. 612, 616): " Words are not to be rejected as superfluous when it is practicable to give to each a distinct and consistent meaning. ' The good expositor,' says Lord Coke, ' makes every sentence have its operation to suppress all the mischiefs; he gives effect to every word of the statute; he does not construe it so that anything should be vain and superfluous, nor yet make exposition against express words, but so expounds it that one part may stand agreeable with the other and all may stand together.' (Coke's Rep. part VIII, p. 310.)"

We are convinced that both in reason and authority it cannot be said that there was no final judgment in the original action on the effective date of the statute. Our conclusion makes it unnecessary to discuss the question of the constitutionality of the statute as construed by the court below.

The orders should be reversed, with twenty dollars costs and disbursements and the motions to dismiss the petitions granted.

Martin, P. J., and Untermyer, J., concur; Glennon and Dore, JJ., dissent and vote to affirm for the reasons stated by the learned justice at Special Term. [See 178 Misc. 1045.]

Orders reversed, with twenty dollars costs and disbursements and the motions to dismiss the petitions granted.