**Shearn MOODY, Jr. and James Wohlenhaus, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12263.**

Court of Civil Appeals of Texas, Austin.

Feb. 26, 1975.

Rehearing Denied March 19, 1975.

Frank G. Newman, Lawrence G. Newman, Dallas, for appellants.

John L. Hill, Atty. Gen., John W. Odam, Executive Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

This is an appeal from an order of the 53rd District Court of Travis County granting motion for summary judgment filed by the State of Texas, plaintiff below.

The trial court's order appointed Herbert Crook permanent ancillary receiver for Empire Life Insurance Company of America, a company organized pursuant to charter granted by the State of Alabama, revoked Empire Life's certificate of authority to operate in Texas, and permanently enjoined the company, its officers, directors, stockholders, agents, and representatives from conducting the business of Empire Life in this state.

Shearn Moody, Jr., and James Wohlenhaus, two of the defendants below, have appealed from the trial court's order.

The cause in which the trial court's order was entered (Docket No. 198,374 in District Court) was brought in June of 1972 against Empire Life Insurance Company of America, Credit Factoring, Inc., Shearn Moody, Jr., W. L. Moody and Company, Bankers, Unincorporated, James C. (Jimmy) Day, the Day Trust, and James Wohlenhaus. The trial court consolidated with this case, in October of 1972, Docket No. 196,856, styled The State of Texas v. Credit Factoring, Inc., filed previously by the State in April of 1972.

Earlier phases of this litigation have been considered by this Court. In December of 1972 we sustained in part action of the trial court granting a temporary mandatory injunction against Empire Life and Credit Factoring and continuing the appointment of a temporary receiver and temporary ancillary receiver. (Day v. State, Tex.Civ.App., 489 S.W.2d 368, writ. ref. n. r. e.). In March of 1973 this Court affirmed the trial court's order overruling pleas of privilege filed by Empire State, Credit Factoring, Day and the Day Trust, and James Wohlenhaus. (Empire Life In-

surance Company of America, et al. v. State, Tex.Civ.App., 492 S.W.2d 366, no writ). On January 24, 1975, in an original proceeding, we denied the petition of Shearn Moody, Jr., and others for writs of mandamus, prohibition, and injunction to stay proceedings in district court on the issue of reinsurance of all insurance business of Empire Life. (No. 12,281, Shearn Moody, Jr., et al., Relators v. The Honorable Herman Jones, Judge, Respondent).

The record in this appeal shows that prior to consolidation of the cases in district court in 1972, the Supreme Court of Texas, in October of 1972, overruled motion for leave to file application for writ of prohibition against the State, Judge Herman Jones, Judge James R. Meyers, and O. T. Martin, district clerk. (No. B–3622, Credit Factoring, Inc., et al. v. State of Texas, Herman Jones, Judge, et al.).

The record discloses that contemporaneously with proceedings in this state the affairs of Empire Life were in litigation in the State of Alabama, in which the insurance company is domiciled. In June of 1972 the circuit court for the Tenth Judicial Circuit of Alabama entered a temporary restraining order appointing a judicial agent over the assets and affairs of Empire Life. (Case No. 171–687, State of Alabama, Ex. Rel. John G. Bookout, Commissioner of Insurance, Plaintiff v. Empire Life Insurance Company of North America, an Alabama Corporation, Defendant, Shearn Moody, Jr., Intervenor). Late in June of 1972 the Alabama court converted its order into a decree for injunction and appointment of a receiver. The latter order remained in effect about two years and until the court on June 14, 1974, entered a decree authorizing the receiver to accept proposal for reinsurance and to proceed with liquidation of the affairs of Empire Life. Thereafter, in August of 1974, the Alabama court denied motions for new trial filed by Shearn Moody, Jr., intervenor, and others, and overruled motion to fix supersedeas bond filed by Moody.

Subsequent to this action of the Alabama court, the State of Texas in October of 1974 filed its amended motion in the cause now on appeal for hearing on application for permanent ancillary receiver in Texas for Empire Life and for permanent injunction, and followed with a motion for summary judgment. The motion was heard, and the trial court on November 15, 1974, entered its order granting the summary judgment from which Moody and Wohlenhaus have appealed.

Appellants bring three points of error attacking the trial court's order on the grounds that (1) there are genuine issues of material fact which as a matter of due process should be tried; (2) the order of the Alabama court was interlocutory and therefore without *"res judicata* effect" for recognition under full faith and credit, and summary judgment enforcement of the Alabama order "would be contrary to the Texas statutory scheme and public policy;" and (3) for the same reasons, it was error to grant comity to the order of the Alabama court.

The basic and controlling question is whether the judgment of the Alabama court is final and entitled to full faith and credit by Texas courts.

In support of the State's motion for summary judgment there was attached an affidavit of Herbert Crook, permanent ancillary receiver of Empire Life, and attached to the affidavit was a copy of the order of the Alabama Circuit Court in Equity, dated June 14, 1974, authorizing the Alabama receiver to accept a proposal for reinsurance, to proceed with liquidation of Empire Life, and to "proceed under this order subject to further review of and by this Court."

Moody filed his opposition to the State's motion, and in support filed the affidavits of his attorney and of Dr. Joseph F. Trosper. The affidavit of Dr. Trosper shows him to be a professor of insurance at Indiana University and a scholar with exten-

sive experience in the field of insurance. The affidavit shows that he made an evaluation of "the two-fifths interest of the one-eighth life estate interest in the Libbie Shearn Moody Estate" which Shearn Moody, Jr., had assigned to Empire Life. It appears that this life estate interest in "the convention statement of Empire as of December 31, 1973" was valued at $4,250,000, but Dr. Trosper estimated the interest's worth at $14,202,800, nearly $10,000,000 more than the value found in the convention statement. In addition, Dr. Trosper in his affidavit found and enumerated extensive faults in the proposed reinsurance agreement.

Appellants contend that "The basic issue of fact before the District Court upon Plaintiff's Motion for Summary Judgment was the question of whether Empire was insolvent, impaired and incapable of rehabilitation."

The Alabama court, in its order of June 14, 1974, on the basis of evidence adduced at a hearing, found:

"1. Empire is, and at all times since the filing of this delinquency proceeding has been, both impaired and insolvent. At the time of the hearing, Empire was impaired in excess of $10,000,000 and insolvent in excess of $6,000,000.

"2. John G. Bookout, Commissioner of Insurance, State of Alabama, has duly determined that further efforts to rehabilitate Empire would be useless, and on the basis of the evidence, the Court agrees with said determination.

"3. It is in the best interest of the policyholders of Empire for Empire's business in force to be reinsured by a reputable and solvent insurance company and for its assets to be liquidated; the interests of said policyholders cannot be reasonably secured and protected in the absence of such reinsurance.

"4. Neither the Intervenor, Shearn Moody, Jr., nor any other stockholder has submitted any plan of rehabilitation which would not present substantial and undue risk to the policyholders."

The judgment of the Alabama court disposes of the issues "of whether Empire was solvent, impaired, and incapable of rehabilitation" by its affirmative findings that Empire State was insolvent in excess of $6,000,000 and impaired in excess of $10,000,000, and that on the basis of the evidence further efforts to rehabilitate the company would be useless.

The parties join issue on whether that judgment was final and therefore entitled to full faith and credit in the district court of Travis County.

The principle of full faith and credit is established under the mandate of the Constitution of the United States, Article IV, Section 1:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Pursuant to this authority, Congress provided that properly authenticated records and judicial proceedings shall have the same full faith and credit in every state court as they have by law or usage in the courts of the state from which they are taken. (28 U.S.C.A. sec. 1738; June 25, 1948, c. 646, 62 Stat. 947).

■ In the absence of pleading and proof that under the laws of the state from which the proceedings are taken there exists an effect different from that prevailing in Texas, the judgment will be construed according to the laws of Texas. American National Bank of Oklahoma v. Garland, 235 S.W. 562, 564 (Tex.Comm'n App.1921, jdgmt. adopted); Milner v. Schaefer, 211 S.W.2d 600, 603 (Tex.Civ. App. San Antonio 1948, writ ref.). Proof of Alabama laws was not undertaken in the trial court, and on appeal the parties

are in agreement that the laws of Texas control as to finality of the Alabama judgment.

Appellants contend that the judgment of the Alabama court is not final, but is interlocutory, because the order directing the receiver to enter into a contract of reinsurance and to proceed with liquidation of the company's affairs also provides: "That the Receiver proceed under this order subject to further review and order by and of this Court."

■ The Supreme Court of Texas very early recognized that in some instances a court of necessity will retain control of a judgment, final on the merits, for further proceedings to carry the judgment into full effect. Merle v. Andrews, 4 Tex. 200, 209–210 (1849). In that case Justice Lipscomb, writing for the Court, quoted with approval from a decision of the Supreme Court of Alabama holding that a decree is final which ascertains all the rights of the parties in litigation and leaves nothing to be done in the future but carry into effect the principles settled by the decree. (Tex. 210–211)

In Cannon v. Hemphill, 7 Tex. 184, 194 (1851) a judgment of partition which concluded the rights of the parties was held to be final, although the judgment required further action by commissioners under supervision of the trial court.

Judgment in a receivership which disposes of the issues and the parties but provides for further proceedings necessary to carry the judgment into effect has been held to be final. In Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 329 (1907) an order appointing a receiver for a foreign corporation was held to be final, although a separate appeal from an order forfeiting the corporation's permit to do business in Texas was pending. In *Waters-Pierce* the contention was made that the order appointing the receiver was interlocutory and the court was without jurisdiction of the appeal. The Supreme Court stated, "The order clearly comes within the definition of a final decree or order; for, so far as the defendant was concerned, it finally disposed of the matter then before the court, which was the appointment of a receiver to take the property into his custody as a consequence of the complete determination of the controversy." (106 S.W. 329, col. 1)

In Beene v. National Liquor Company, 189 S.W. 86 (Tex.Civ.App. Austin 1916, no writ) this Court held that appointment of a receiver to take possession of the goods in controversy "and hold the same subject to further orders of this Court" did not prevent the judgment from being final since all the rights of the parties had been determined, and what remained to be done was "ministerial and not judicial in its character."

■ The essential requisite to render such judgments final is that the decree dispose of the issues and the parties and leave undone only such matters as are necessary to carry the judgment into effect. First National Bank of Dallas v. Brown, 122 Tex. 168, 53 S.W.2d 604 (1932).

In Milner v. Schaefer, *supra,* the Texas court had before it a judgment entered by a court in Colorado partitioning property among the members of a dissolved partnership owning real estate in Texas, Colorado, Ohio, and Kansas. After approving a partition agreement among the parties, the Colorado court provided in its judgment, ". . . the present case is ordered continued to February 21, 1944, for further disposition and orders of the Court, the Court retaining jurisdiction." One of the parties, Milner, avoided attempts by the court to enforce its orders by leaving Colorado and returning to Texas. Receivership proceedings were instituted in Texas, resulting in a decree in trial court to enforce the partition agreement contained in the Colorado judgment.

On appeal it was contended that the Colorado judgment was interlocutory and not final because of the provision by the court for further disposition and orders of the

court. In reply it was argued that the merits of the case had been disposed of in the Colorado decree, that the rights of the parties had been settled, and that the only further proceedings required were those necessary to carry the judgment into full effect. The court of civil appeals held the judgment entitled to full faith and credit as a final decree of the Colorado court, and the Supreme Court refused application for writ of error without qualification. Decisions quoted from with approval in *Milner* include Ware v. Jones, 250 S.W. 663 (Tex.Comm'n App.1923, jdgmt. adopted); Hargrove v. Insurance Investment Corporation, 142 Tex. 111, 176 S.W.2d 744 (1944).

■ We conclude that the judgment of the Alabama court was final and entitled to full faith and credit by courts of this state. The Alabama judgment not only declared Empire Life to be insolvent, impaired, and beyond rehabilitation, but affirmatively found it to the best interest of the policyholders that Empire's business be reinsured and that neither Moody nor any other stockholder had submitted any plan to save the company that would not present substantial and undue risk to the policyholders.

The Alabama court further found that the proposed reinsurer, a party by intervention, had been approved by the insurance commissioner of that state and that the reinsurer met all legal requirements. The judgment also disposed of Moody's claim of wrongful action on the part of the proposed reinsurer by finding Moody's claim without support in the evidence. The court expressly rejected Moody's charge that the receiver had mismanaged Empire Life's affairs, and found that "the Receiver faithfully performed his duties in accordance with Alabama law and the orders of the Court."

■ Moody unsuccessfully sought a new trial in the Alabama court, and the court refused to permit Moody to supersede the judgment. Even if a judgment is subject to appeal, or if the time has not expired in which to file motion to vacate or for a new trial, the judgment has a finality which entitles it to full faith and credit under the Federal Constitution. Armstrong v. Armstrong (1954), 99 Ohio App. 7, 58 Ohio Ops. 79, 130 N.E.2d 710, affd. on other grounds 162 Ohio St. 406, 55 Ohio Ops. 234, 123 N.E.2d 267, affd. 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705, reh. den. 351 U.S. 943, 76 S.Ct. 832, 100 L.Ed. 1469. (See also annotation 2 A.L.R.3d 1384, Judgment Subject to Appeal as Entitled to Full Faith and Credit). In Texas the filing of an appeal bond, or affidavit in lieu of bond, will not suspend a judgment where review is sought by appeal or writ of error. Rule 357, Texas Rules of Civil Procedure.

The final provision in the Alabama judgment, that the receiver proceed to reinsure the business of Empire Life and liquidate the company "under this order subject to further review and order by and of this Court," merely supplied proceedings reasonably needed to carry the judgment into full effect. The district court of Travis County properly treated that order as a final judgment and correctly accorded it full faith and credit.

■ Appellants' attempt, through the affidavits of Dr. Trosper and counsel, to contest the issues of insolvency, impairment, and rehabilitation constituted an effort to try issues already decided by a court of competent jurisdiction in the state of Empire Life's domicile. When the Alabama court decided these issues and disposed of them in its final judgment, there remained no genuine issue of fact on those questions which as a matter of due process should be tried by a Texas court. Our holdings stated in this opinion dispose of appellants' first two points, and there is no necessity to reach the third point on the question of granting comity to the Alabama judgment.

The judgment of the trial court is affirmed.