Newton B. SCHWARTZ et ux.,
Appellants,

v.

Vincent VECCHIOTTI et al., Appellees.

No. 16549.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 23, 1975.

Rehearing Denied Nov. 20, 1975.

Newton B. Schwartz, Houston, for appellants.

Steven C. Oaks, Houston, Butler, Binion, Rice, Cook & Knapp, Houston, of counsel, for appellees.

PEDEN, Justice.

Defendants Newton Schwartz and wife Annita Schwartz appeal from a summary judgment in a suit brought to enforce a judgment of the Supreme Court of New York. Appellants' principal complaints are that the judgment of the New York court was not properly proved in the Texas court and that it is not a final and enforceable judgment because the defendants are appealing from it. We affirm.

On October 24, 1974 judgment was rendered for appellees against Newton B. Schwartz, Annita Schwartz, Jerry Silver and Environmental Regulation, Inc., in the Supreme Court of New York, a court of general jurisdiction, for $329,334.10, including interest and court costs. The New York judgment appears to be based on a promissory note signed by defendants-appellants except Annita Schwartz, who by power of attorney guaranteed the obligation. Apparently the note was secured by a mortgage on certain real estate located in Albany County, New York.

In response to appellees' suit to enforce this New York judgment in Harris County, Texas, the appellants filed their original answer, plea in abatement and motion to dismiss. Appellees filed a motion for summary judgment, motion to take judicial notice of the law of New York, and affidavits of Mr. Charles M. Kotick, a licensed attorney in New York. Appellants filed objections to the motion to take judicial notice, motion to strike Mr. Kotick's affidavit and an affidavit of Arthur Stephen Penn, a licensed attorney in New York.

Appellants' fourth point of error is that the trial court erred in granting the summary judgment because there was no certified or admissible copy of the purported New York judgment in evidence upon which to enter summary judgment.

Art. 3731a, Vernon's Texas Civil Statutes, provides for the admission as evidence of official written instruments, including judgments of the courts of other states. In our case the certified copy of the New York judgment was not authenticated as authorized by Sec. 4 of Art. 3731a in that it was not accompanied with a certificate made by a judge of a New York court of record that the attesting officer has the legal custody of the judgment. However, Sec. 6 of Art. 3731a states: "This rule does not prevent the proof of official records or of entry or lack of entry therein by any method authorized by any applicable statute or by the rules of evidence at common law."

An authentication of the judgment of a sister state, when sued upon in the courts of another state, may be done in accordance with the statutory method or by a witness who has compared the copy offered in evidence with the original record entry thereof; and when so proven such copy is admissible as an "examined copy" and is sufficient proof, prima facie, of it.

*St. Louis Expanded Metal Fireproofing Co. v. Beilharz*, 88 S.W. 512 (Tex.Civ.App.1905, no writ), citing *Harvey v. Cummings*, 68 Tex. 599, 5 S.W. 513 (1887); *Tourtelot v. Booker*, 160 S.W. 293 (Tex.Civ.App.1913, writ ref.); *Givens v. Givens*, 195 S.W. 877 (Tex.Civ.App.1917, no writ); 34 Tex.Jur.2d 401, Judgments § 379.

Filed among the papers in the trial court was an affidavit executed in support of the plaintiffs' motion for summary judgment on December 31, 1974, by Charles M. Kotick. In it he stated that he has personal knowledge of the facts stated therein, having been the attorney primarily responsible for representing the plaintiffs in the action in the Supreme Court of the State of New York entitled "Vincent Vecchiotti and Jason Minick, Plaintiffs against Jerry Silver, Newton B. Schwartz, Environmental Regulation, Inc. and Annita Schwartz, Defendants" with index number 12458/1974.

Further, that on or about October 24, 1974, a judgment, a copy of which is attached to the affidavit as Exhibit "A", was duly entered in that case and filed in the Office of the Clerk of the County of New York. That the judgment was entered pursuant to an order of the court dated October 21, 1974, and filed on October 23, 1974. An attached copy is marked Exhibit "B".

The photocopy of the judgment attached to the affidavit is identical with that attached to the Plaintiffs' Original Petition filed on November 11, 1974 in our case. These identical exhibits bear the caption and index number noted by Mr. Kotick. These copies of the judgment state:

"An order of this court having been entered and filed in the Clerk's office of the County of New York on the 23 day of October, 1974, granting plaintiffs' motion for summary judgment directing that plaintiffs have and recover judgment against the defendants in the sum of $320,000.00, with interest thereon at the rate of six per cent (6%) per annum from May 1, 1974, and the costs and disburse-ments of this action, and said costs and disbursements of this action having been duly taxed by the Clerk of this court in the sum of $108.50.

"NOW, ON MOTION OF ROBINSON, SILVERMAN, PEARCE, ARONSOHN, SAND & BERMAN, ESQS., attorneys for the plaintiffs, it is

"ADJUDGED that the plaintiffs, Vincent Vecchiotti, of 472 Liberty Street, Little Ferry, New Jersey, and Jaxon Minick, of 24 Aviation Road, Albany, New York, recover judgment against the defendants, Jerry Silver and Environmental Regulation, Inc., of 10 East 53rd Street, New York, New York, and Newton B. Schwartz and Annita Schwartz, of 500 Branard at Garrott, Houston, Texas, in the sum of $320,000.00 with interest thereon at the rate of six per cent (6%) per annum from May 1, 1974, in the sum of $9,225.60 and the costs and disbursements of this action as taxed by the Clerk of this court in the sum of $108.50, and that the plaintiffs have execution therefor, making in all the total of $329,334.10.

"Judgment signed this 24th day of October, 1974."

NORMAN GOODMAN

Clerk

FILED

Oct. 24, 1974

■ We consider that the New York judgment was thus properly a part of the summary judgment evidence before the trial court, but in addition we note that in our case appellant Newton Schwartz (who represented both defendants) filed on February 25, 1975, an affidavit in opposition to the plaintiffs' motion for summary judgment in which he stated that he had submitted an attached exhibit to the Clerk of the Supreme Court, Appellate Division, in New York. The first page of the exhibit states:

"RE: VINCENT VECCHIOTTI & JASON MINICK-
PLAINTIFFS-RESPONDENTS

VS.

NEWTON B. SCHWARTZ & ANNITA F. SCHWARTZ,
Defendants-Appellants

CIVIL APPEAL PRE-ARGUMENT STATEMENT

"APPEAL FROM THE SUPREME COURT OF THE STATE OF

NEW YORK, COUNTY OF NEW YORK

"JUDGMENT dated October 24, 1974

"Index No. 12458/74

"Justice Hon Samuel Rosenberg J.S.C.

"Appeal filed Novenber 20, 1974

"COUNSEL:

"Newton B. Schwartz pro se 500 Branard, Houston, Texas 77006 ac713

"2245057–5292645 for Appellants

"Robinson, Silverman, Pearce, Aronshon, Sand & Berman, Charles M.

"Kotick, 230 Park Avenue, New York, N.Y. 212/MU.07766 for Respond-
ents

"Method of Disposition in the Trial Court: Appeal from Order granting
judgment on a second lien real estate note (Mortgage Note) against
Defendants jointly and severally for $320,000 with interest thereon
at 6% per annum from May 1, 1974 and costs and disbursements. The
Order was entered granting Plaintiffs' Motion for Summary Judgment
on affidavits in lieu of Complaint.

"ISSUES PROPOSED TO BE RAISED ON APPEAL:"

This affidavit was not withdrawn or contra-
dicted by the appellants. Except for the
amount of the $108.50 item of costs and
disbursements, it constitutes a judicial ad-
mission of the accuracy of all the allega-
tions of the essential elements of the New
York judgment and, for this additional rea-
son, was properly a part of the summary
judgment evidence.

Appellants' second and third points,
which are related to their fourth point,
complain that the trial court erred in grant-
ing summary judgment because (2) there
was no final, valid and subsisting judgment
in the New York courts, and (3) there was
no allegation or proof of the law of New
York as to the validity or finality of the
judgment in question. Under these points
the appellants assert that absent judicial
notice of New York law it is presumed to be
the same as Texas law and that under
Texas law a judgment must be signed by
the judge.

■ We overrule these points. In the
trial court the appellees filed a motion (and
the appellants filed an objection) under
Rule 184(a) of the Texas Rules of Civil
Procedure consisting of a request that the

court take judicial notice in this cause, "of the Common Law, Public Statutes, Court Decisions, of the State of New York." The appellant has not shown the trial court's ruling on the objection to the motion. We presume, in support of the judgment, that the trial judge took judicial notice of the laws of New York.

 Laws of New York were presented to the trial court in memoranda filed by the parties. Laws of another state, properly established, are not a part of the record in a summary judgment proceeding. These are matters of which courts take judicial knowledge in the manner prescribed by law. *Marsh v. Millward*, 381 S.W.2d 110 (Tex.Civ. App.1964, writ ref. n. r. e.); *Doppke v. American Bank and Trust Co.*, 402 S.W.2d 317 (Tex.Civ.App.1966, writ ref. n. r. e.).

██ The appellees called to the trial court's attention several decisions of the Appellate Division, New York Supreme Court (including *In re Bailey*, 265 App.Div. 758, 40 N.Y.S.2d 746, 1st Dept., affirmed 291 N.Y. 534, 50 N.E.2d 653) plus Section 5519, New York Civil Practice Law and Rules, to show that defendants are not afforded a stay of execution of a judgment where no undertaking is given on appeal beyond one for costs.

Texas law on this subject is to the same effect.

"Even if a judgment is subject to appeal, or if the time has not expired in which to file motion to vacate or for a new trial, the judgment has a finality which entitles it to full faith and credit under the Federal Constitution. . . .

"In Texas the filing of an appeal bond, or affidavit in lieu of bond, will not suspend a judgment where review is sought by appeal or writ of error. Rule 357, T.R.C.P.

"See also annotation, 2 A.L.R.3rd 1384, Judgment Subject to Appeal as Entitled to Full Faith and Credit." *Moody v. State*, 520 S.W.2d 452 (Tex.Civ.App.1975, no writ).

Rule 364 provides for the suspension of execution of a judgment by filing a supersedeas bond in a sum at least the amount of the judgment, interest, and costs.

Uncontroverted testimony by proper affidavit in our case states that the defendants did not file a bond in the amount of the judgment in the New York action.

The appellants do not appear to have raised any question in the trial court about the regularity of a judgment, under New York law, that was signed by the clerk rather than the judge, and we presume, in support of the judgment, that the trial court took judicial notice that under New York law the judgment was properly signed. The appellants did not include this point in their list of Issues Proposed to be Raised on Appeal filed with the Appellate Division in New York.

██ The appellants also complain that the trial court erred in permitting oral testimony at the hearing on the motion for summary judgment. We agree. Rule 166-A(c) includes a provision that no oral testimony shall be received at the hearing. See also *Richards v. Allen*, 402 S.W.2d 158 (Tex. 1966). In this case the testimony concerned only New York law. We cannot say it constituted reversible error. Rule 434.

We have examined each of the appellants' other points of error and find that none of them presents reversible error. We hold that the summary judgment proof in this case shows that the appellees have shown as a matter of law that the New York judgment is final, valid, and subsisting and is entitled to be accorded full faith and credit under Article 4, Section 1 of the U. S. Constitution.

Affirmed.