**Shearn MOODY, Jr., and James Wohlenhaus, Petitioners,**

v.

**STATE of Texas, Respondent.**

**No. B–5236.**

Supreme Court of Texas.

March 9, 1977.

Rehearing Denied April 6, 1977.

Frank G. Newman, John L. Shook and Lawrence G. Newman, Dallas, A. R. Schwartz, Galveston, for petitioners.

John L. Hill, Atty. Gen., John W. Odam, Jr., Asst. Atty. Gen., Austin, for respondent.

PER CURIAM.

This receivership suit was brought in 1972 by the State of Texas against Empire Life Insurance Company of America [hereinafter Empire], Shearn Moody, Jr. and James Wohlenhaus [petitioners here], and others. The State sought, among other things, the appointment of a temporary receiver to take possession of the insurance company's Texas assets. Because Empire was an Alabama corporation, the domiciliary receivership suit had been brought in an Alabama court; and the Texas suit was an ancillary proceeding. The courts of both Alabama and Texas appointed receivers to take control of Empire's operations and assets.

In June of 1974, the Alabama court entered a decree authorizing the liquidation of Empire and approving a proposal for the reinsurance of the company's policy holders. In its judgment, the court expressly found that Empire was insolvent in excess of six million dollars. Moody was also a party to the Alabama proceeding, and he appealed from that order.

Subsequently, the Texas receiver filed a motion for summary judgment in the Texas court in which he sought a permanent injunction against the defendants and for his appointment as permanent receiver. In support of his motion, he filed an affidavit to which was attached a certified copy of the June, 1974, Alabama court judgment and findings. In opposition, Moody introduced summary judgment evidence which tended to prove that Empire was not insolvent. The court granted the motion for summary judgment, and the court of civil appeals affirmed. 520 S.W.2d 452.

Moody and Wohlenhaus applied to this Court for a writ of error on the ground that the court of civil appeals erred in holding that the Alabama receivership court's judgment was entitled to be given full faith and credit by the Texas receivership court. The petitioners' argument rests on the Texas decisions which hold that a foreign trial court judgment is not entitled to full faith and credit when that judgment is on appeal. *Thompson v. East Texas Refining Co.*, 97 S.W.2d 528 (Tex.Civ.App.1936, no writ); *Van Natta v. Van Natta*, 200 S.W. 907 (Tex.Civ.App.1918, writ ref'd). *See Texas Trunk Ry. v. Jackson*, 85 Tex. 605, 22 S.W. 1030 (1893).

It has come to our attention that on February 11, 1977, the Supreme Court of Alabama disposed of Moody's appeal from the June, 1974, judgment of the Alabama receivership court. That judgment was affirmed in all respects. *Moody v. State ex rel. Payne, Commissioner,* 344 So.2d 160 (Ala.1977). The petitioner's application for writ of error is therefore refused, no reversible error.