GENERAL EXPLORATION
COMPANY, Appellant,

v.

J. P. DAVID, Appellee.

No. 17483.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 23, 1979.

Rehearing Denied Oct. 18, 1979.

Locke, Purnell, Boren, Laney & Neely, Orrin Harrison, III, Barbara J. Houser, Dallas, for appellant.

Sewell, Junell & Riggs, Ben G. Sewell, Robert E. Meadows, Houston, for appellee.

Before WALLACE, EVANS and WARREN, JJ.

WALLACE, Justice.

This is an appeal from a summary judgment for the defendant in a suit based on a California judgment. The sole issue is whether a California judgment on appeal in that state, without a supersedeas bond, is entitled to full faith and credit in Texas.

Appellant, GEX, secured judgment in California against appellee David. The judgment was for money and the delivery of certificates of shares of common stock of GEX. The California judgment was appealed on cost bond only and that appeal is still pending. GEX filed suit in Texas and plead California law. Each party presented a motion for summary judgment. The trial court granted David's motion, denying full faith and credit to the California judgment.

■ Article IV, Section 1, of the United States Constitution provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. The law of California governs in determining the validity, finality and effect of their judgment. *Harris v. Harris*, 403 S.W.2d 445 (C.C.A. Houston [1st Dist.], 1966, writ ref. n. r. e.).

To determine if the California judgment is entitled to full faith and credit, we must first determine whether our case is one to enforce the California judgment rather than an independent action based on that judgment. An independent action based on the California judgment would be controlled by Section 1049, Cal.Code Civ.Proc., which provides:

> A judgment is not final so long as the action in which it is rendered is pending, and an action is deemed to be pending until its final determination on appeal or until the time for appeal has passed.

If this is an action to enforce the California judgment it is controlled by Sections 917.1 and 917.2 of Cal.Code Civ.Proc. Section 917.1 provides:

> "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money . . . unless an undertaking is given on condition that if the judgment or order . . . is affirmed . . . the party ordered to pay shall pay the amount of the judgment or order."

Section 917.2 is of similar import except that it applies to a judgment or order directing delivery of personal property, including documents.

■ The California cases distinguish suits to enforce a judgment from independent actions based upon a judgment, although they are not so categorized by the courts. The cases to enforce judgments are those wherein the defendant in the enforcement suit was a defendant in the original suit, all issues between the parties were disposed of in the original suit, and nothing was sought in the enforcement suit except the carrying out of the original judgment. In each of those cases the California court held that the judgment was final for enforcement purposes, if the defendant had not complied with Sec. 917.1 et seq. of the California Code of Civil Procedure. In those California cases denying the admissibility of the original judgment as evidence of the rights declared therein, the parties to the subsequent suits were different from those in the original suits, or the original judgments were used as a basis to prove the plaintiff's cause of action against the defendant. Such suits are independent actions based upon the original judgment and their finality is controlled by Sec. 1049 Cal.Code Civ. Proc. This distinction was apparently recognized by the Texas courts in *Moody v. State*, 520 S.W.2d 452 (C.C.A. Austin, 1975), affirmed 547 S.W.2d 958 (Tex.1977); *Schwartz v. Vecchiotti*, 529 S.W.2d 603 (C.C.A. Houston [1st Dist.] 1975, writ ref. n. r. e.); and *Thompson v. East Texas Refining Co.*, 97 S.W.2d 528 (C.C.A. Austin 1936, no writ).

■ In this case, GEX is attempting to enforce the California judgment against David, a defendant in that suit. The California law as set out in its code of civil procedure gave David an option—he could post a supersedeas or undertaking bond pending appeal of that judgment—or he could take his chances on GEX enforcing the judgment. He chose not to exercise his right to stay execution under the laws of the state of California, but to let the judgment become final for enforcement purposes.

The judgment of the trial court is reversed and the case is remanded with instructions to enter judgment for appellant for the amount of the California judgment.

### On Motion for Rehearing

On motion for rehearing we conclude that our original opinion did not fully dispose of this matter. That opinion is amended to show that the judgment of the trial court is reversed and the case is remanded with instruction to enter judgment for appellant for the amount of the California judgment and for delivery to appellant of the stock certificates of appellant issued to appellee.

Motion for rehearing is overruled.