■ COURTNEY DUPREE, Plaintiff, and RODNEY WATTS, Appellant, v SCOTTSDALE INSURANCE COMPANY, Respondent. [12 NYS3d 62]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 10, 2014, which, inter alia, granted defendant's motion to vacate the court's prior order entered June 28, 2012, declared that defendant was no longer required to pay for plaintiff Rodney Watt's defense in the criminal action and directed Watts to reimburse defendant for the monies it expended in his defense in accordance with the terms of the policy, and denied Watt's motion to compel defendant to pay for his incurred legal fees retroactively, unanimously affirmed, with costs.

Plaintiff Watts was the chief investment officer of GDC Acquistions, LLC. Defendant Scottsdale Insurance Company issued GDC a directors & officers policy that covered Watts. On August 13, 2010, Watts was indicted for conspiracy to commit bank fraud, bank fraud, and making false statements (*United States v Watts*, US Dist Ct, ED NY, 1:10-CR-627, Matsumoto, J.). On June 28, 2012, the IAS court issued a preliminary injunction directing defendant to pay for Watt's defense in the criminal action. Following Watt's conviction and sentencing, defendant sought to be relieved of its obligation to pay for his continued defense, particularly, the appeal from his conviction that he was already pursuing. Defendant argued that the policy contained an exclusion for coverage of acts of fraud that became operable upon a "final judgment against its insured." The IAS court agreed with defendant, and vacated the preliminary injunction. We affirm.

In the context of a criminal prosecution, it is well settled that the imposition of the sentence constitutes the final judgment against the accused (*see e.g.* CPL 1.20 [15]). While the appeal may, at some point, relieve Watts of that judgment, the finality of it is not changed by the pendency of the appeal (*see Matter of Bailey [Bush Term. Co.]*, 265 App Div 758 [1st Dept 1943], *affd* 291 NY 534 [1943]).

The language of the exclusion here is clear. Once the final judgment for fraud was entered against Watts, defendants' obligation to defend him from those claims ceased (*see e.g. 30 W. 15th St. Owners Corp. v Travelers Ins. Co.*, 165 AD2d 731, 733 [1st Dept 1990]).

The court also correctly concluded that, at the time of its order, its finding that plaintiff was excluded from receiving further coverage for his defense under the policy and was then obligated to reimburse defendant for the monies it had expended would also entitle it to an offset on plaintiff's claim for past

legal fees. Concur—Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.